# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | | |
|---|---|---|
| Frances E. Grady, | ) | C/A No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | **(Jury Trial Demanded)** |
| Spartanburg School District 7, | ) | |
| Verotta Kennedy, and | ) | |
| Wanda Andrews, in their individual | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Frances E. Grady, complaining of the Defendants herein, would respectfully allege as follows:

## PARTIES

1. The Plaintiff is a citizen and resident of Spartanburg County, South Carolina who is white and fifty-five (55) years of age.

2. The Defendant Spartanburg School District 7 ("the District" or "School District") is a school district organized and existing under the laws of the State of South Carolina, which operates under and serves the residents of Spartanburg County, South Carolina.

3. Upon information and belief, the Defendant Verotta Kennedy ("Kennedy") is an African American and a resident of Spartanburg County, South Carolina and at all times mentioned herein was the Plaintiff's supervisor at Mary H. Wright Elementary School within the District.

4. Upon information and belief, the Defendant Wanda Andrews ("Andrews") is an African American and now a resident of Lee County, South Carolina but was a resident of Spartanburg County, South Carolina at the time of the circumstances giving rise to this lawsuit; at all times

1

mentioned herein, Andrews was the Assistant Superintendent for the District when the Plaintiff was employed with the District.

## JURISDICTION

5. This action arises under Title VII, the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. The Plaintiff appropriately filed charges with the Equal Employment Opportunity Commission and received her Notice of Right to Sue; this action is timely.

6. The subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which gives the District Court jurisdiction over any legal action authorized by law to be commenced by any person to recover damages under any Act of Congress for the protection of Civil Rights.

7. Venue lies within the Spartanburg Division pursuant to 28 U.S.C. § 1391 because the Defendant District's place of business is located in Spartanburg County, South Carolina; the circumstances giving rise to this cause of action occurred in Spartanburg County, South Carolina.

8. The Plaintiff demands a trial by jury all on claims brought herein.

## FACTUAL ALLEGATIONS

9. The Plaintif was employed with the Defendant School District for thirty-three (33) years and most recently served as an Interventionist at Mary H. Wright Elementary School under the supervision of Defendant Kennedy, the Principal.

10. Prior to being employed as an Interventionist, during June of 2009, the Plaintiff was diagnosed with breast cancer stage IIB and lung carcinoid, underwent multiple surgeries and treatments, and fought her way into remission.

11. Shortly after combating her cancer, the Plaintiff was diagnosed with a condition called neutropenia – a diagnosis that often plagues victims of various forms of cancer. Neutropenia is known to create physical disabilities such as low white blood cell count, greater exposure to infection and illness, weakened immune system, accelerated fatigue, and other maladies. The Plaintiff complained of all of these symptoms to both her physician and the School District.

12. Specifically after July 24, 2009, the Plaintiff told Andrews about a specific bout of infection she experienced due to having neutropenia. It was on or around this time that the District began making some accommodations for the Plaintiff due to her diagnosis with neutropenia. For example, the District teachers were scheduled to meet with other Spartanburg School District 6 teachers; however, the Plaintiff was excused because she – having neutropenia – is unable to participate in group functions due to her susceptibility to incur an infection and/or other common illnesses that are more serious for her weakened immune system.

13. Later on in September of 2010, the School District transferred the Plaintiff to Mary H. Wright Elementary School to serve as an Interventionist under the former Principal, Ms. Wanda Owens Jackson. Upon information and belief, the District informed Ms. Owens Jackson that the reason the Plaintiff was moved as an Interventionist was due to her health and condition, as she reported it to Andrews earlier in 2009.

14. The roles and responsibilities of an Interventionist are much different than those of a classroom teacher in the following respects and thus helped to accommodate the Plaintiff as it concerned her having neutropenia:

    a. instead of teaching a full-sized classroom with upwards of thirty (30) students, an Interventionist teaches small groups of five (5) to (6) students for scheduled periods each day, permitting the Plaintiff to work in a controlled environment,

which could be easily sanitized and monitored for illness, infection, and other sicknesses that are detrimental to her health and also aided with her symptoms of fatigue;

b. an Interventionist does not teach in a traditional classroom setting and gives instruction in a smaller, more controlled environment, allowing the Plaintiff to work with students *and* monitor her health;

c. because the environment was smaller and much more conducive to one-on-one instruction and aid, the Plaintiff was permitted to wear surgical masks during peak seasons of illness without alarming her students; and

d. since being an Interventionist requires instruction of different students each day, the Plaintiff was able to make accommodations for students and teach them on alternate dates to "make up" for missed time.

15. Upon Ms. Owens Jackson leaving Mary H. Wright Elementary, Kennedy replaced her. Immediately, the Plaintiff reported to Kennedy about neutropenia causing her physical disabilities that affected her ability to work how the Interventionist position accommodated her disability.

16. For example on November 15, 2010, Kennedy requested that the Plaintiff and another Interventionist to take groups of Kindergarten students for intervention; however, the Plaintiff reiterated her limitations as caused by neutropenia to Kennedy.  The Plaintiff also informed Andrews of the same.  As such, the Plaintiff did not have to teach Kindergarten children.

17. Furthermore, because of the Plaintiff's disability, she did not attend school field trips during her time at Mary H. Wright Elementary School.

18. Shortly after Kennedy started as Principal, the Plaintiff began to take note of several occasions during which time Kennedy was not properly carrying out her job responsibilities to include the following:

    a. Kennedy did not initiate a safety plan before the start of the school year for Mary H. Wright Elementary;

    b. Kennedy often failed to attend school meetings on time, relying on the Plaintiff and others to accommodate scheduled speakers and guests;

    c. Kennedy did not properly assign a certified special education teacher to care for special education students; and

    d. Kennedy did not have a handbook in place for the school prior to the new school year starting.

19. Upon noticing these instances, the Plaintiff reported them to Andrews who encouraged her to continue doing the same, which she did for a period of time up to and including late July and early August of 2012.

20. Around the Spring of 2012, Kennedy became aware that "someone was making complaints about her" during a staff meeting at Mary H. Wright Elementary – during which time the Plaintiff was present – and vowed to find out who it was that was making complaints about her.

21. The Plaintiff was concerned about her job and was told by Andrews on several occasions "it was safe."

22. However, before the school year commenced for the 2012-2013 year, Kennedy called the Plaintiff into her office and informed her that she was being reassigned to a First Grade teaching position, a position she very well knew The Plaintiff could not perform due to her neutropenia; at

that time Andrews informed the Plaintiff that the District was phasing out Interventionists and that there would no longer be any Interventionists at Mary H. Wright Elementary.

23. Immediately, the Plaintiff informed Kennedy she could not teach a first grade class because of her disability, cited the reasons thereof, and was instructed she had no choice. Andrews repeated the same.

24. Subsequently, because she could not serve as a First Grade Teacher and had supporting documentation from her doctors stating such facts, she was forced to go on leave without pay because the District could not make any accommodations that would meet the criteria set forth by her doctors, all of which were met by the Interventionist position.

25. Furthermore, the Plaintiff has since learned that after Kennedy and Andrews refused to return her to an Interventionist position, a young African American male under the age of forty (40) was hired as an Interventionist from another district prior to the time the Plaintiff was transferred to a first grade teaching position.

26. Once the Plaintiff filed her Charge with the Equal Employment Opportunity Commission, she was denied a contract for the 2013-2014 school year by Andrews.

## FOR A FIRST CAUSE OF ACTION
## AGAINST THE DEFENDANT SCHOOL DISTRICT
## (Violation of Title VII – Race Discrimination)

27. The Plaintiff realleges paragraphs with their respective subparts 1 through 26 aforesaid.

28. The actions taken by the Defendant, as described herein, violate the Plaintiff's rights under Title VII of the 1991 Civil Rights Act and amendments thereto.

29. The Defendant School District unlawfully targeted the Plaintiff to remove her from her position as an Interventionist because she is white; the District then replaced her with an African American male who had less experience.

30. The actions taken against the Plaintiff by the Defendant School District were disproportionate and unfair when compared to actions taken against African American, similarly situated employees because the Plaintiff was deceived into believing that there was no longer an Interventionist position when an African American was already hired for it at her school; the Plaintiff's race was the proximate cause of her treatment and removal as an Interventionist by Defendant's agents and employees, acting within the course and scope of their duties, which violated the Civil Rights Act of 1964, for which the Defendant School District is liable.

31. As a direct and proximate result of the violations of her civil rights under Title VII by the Defendant, the Plaintiff suffered the loss of her job and sustained permanent impairment of her earning capacity as well as reputational and other intangible damages. The Plaintiff is entitled to an award of actual damages for the willful and intentional acts of the Defendant through its agents and employees, for reasonable attorney's fees and costs of this action.

## FOR A SECOND CAUSE OF ACTION
## AGAINST THE DEFENDANT SCHOOL DISTRICT
### (Violation of Title VII – Retaliation)

32. The Plaintiff realleges paragraphs 1 through 31 aforesaid.

33. Furthermore, once the Plaintiff filed Charges with the EEOC regarding the fact that she had been unlawfully transferred, her employment situation continued to worsen to the point of the District unlawfully and pretextually denying her a contract for next year.

34. The Defendant School District, in retaliation for the Plaintiff's reports and lawfully filing her grievance, unlawfully removed her as an Interventionist to silence her from continually making reports that she was unlawfully mistreated and to silence her for reporting Kennedy's behavior.

35. Such a removal is unlawful and in violation of protected Civil Rights activities outlined in Title VII of the Civil Rights Act of 1964 and amendments thereto; as such, the Defendant School District is liable.

36. As a direct and proximate result of the violations of her civil rights Title VII by the Defendant, the Plaintiff suffered a loss in income as well as the loss of her job and other intangible damages.  The Plaintiff is entitled to an award of actual for the willful and intentional acts of the Defendant through its agents and employees, for reasonable attorney's fees and costs of this action.

## FOR A THIRD CAUSE OF ACTION
## AGAINST THE DEFENDANT SCHOOL DISTRICT
### (Violation of the ADA)

37.  The Plaintiff realleges paragraphs 1 through 36 aforesaid.

38.  The Plaintiff suffers from neutropenia, a recognized disability under the ADA and was treated for the same during the time she worked for the School District.

39.  During her employment with the School District, the Plaintiff made several requests for accommodations because her condition has the aforementioned negative effects on her physical being.

40. The Plaintiff relayed the effects of her disability to numerous District employees, including but not limited to the Individual Defendants and was placed as an Interventionist in 2010 because of her disability.

41. Suddenly and without warning at the start of the 2012-2013 school year, the Plaintiff was removed from the Interventionist position and placed into a teaching position that did not afford her the accommodations she needed.

42. The District's failure to offer the Plaintiff any reasonable accommodation in dealing with her condition and its disproportionate treatment of her due to her disability is an unlawful violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, and amendments thereto for which the Defendant School District is liable.

43. As a direct and proximate result of the violations of her civil rights under the ADA by the Defendant School District, The Plaintiff suffered physical and mental injuries and other intangible damages, including the loss of her job and earning capacity. The Plaintiff is entitled to an award of actual damages for the willful and intentional acts of the Defendant through its agents and employees, for reasonable attorney's fees and costs of this action.

**FOR A FOURTH CAUSE OF ACTION
AGAINST THE DEFENDANT SCHOOL DISTRICT
(Violation of the ADEA)**

44. The Plaintiff realleges paragraphs 1 through 43 aforesaid.

45. The Plaintiff was replaced by a younger and less experienced employee for the Interventionist position for which she served.

46. The Plaintiff was informed that her services as an Interventionist were no longer needed because the school at which she served in that capacity would no longer have an Interventionist; however, the School District hired a male younger than forty (40) to be an Interventionist at Mary H. Wright Elementary before attempting to transfer the Plaintiff, so the School District's removal of The Plaintiff as an Interventionist was clearly pretextual and false.

47. At the time The Plaintiff was provided with notice that she would no longer be serving as an Interventionist, she was fifty-four (54) years of age.

48. The actions taken against the Plaintiff by the Defendant School District were disproportionate and unfair when compared to actions taken towards younger, similarly situated

employees; the Plaintiff's age was the proximate cause of her treatment and removal by Defendant's agents and employees, acting within the course and scope of their duties, which violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621, for which the Defendant School District is liable.

49. As a direct and proximate result of the violations of her civil rights under the ADEA by the Defendant, the Plaintiff suffered the loss of her job and sustained permanent impairment of her earning capacity as well as reputational and other intangible damages.  The Plaintiff is entitled to an award of actual damages for the willful and intentional acts of the Defendant through its agents and employees, for reasonable attorney's fees and costs of this action.

**FOR A FIFTH CAUSE OF ACTION
AGAINST THE INDIVIDUAL DEFENDANTS
(Civil Conspiracy – Pendent State Claim)**

50. The Plaintiff realleges paragraphs 1 – 49 as if set forth verbatim herein.

51. Defendants Kennedy, Andrews, and others met at various times and places, schemed, conspired, and planned in secret – outside the scope of their District duties and supervisory roles – to have the Plaintiff eliminated from the School District as an Interventionist because they disliked her as a person and intended to harm her.  Such actions and activities are well outside of the course and scope of their employment and done as a part of a wicked and malicious agenda to harm the Plaintiff and to cause her special damages such as loss of wages.

52. Such a combination of persons acting, planning, and scheming outside the course and scope of their employment duties to promote personal interests constitutes an unlawful civil conspiracy for which the Individual Defendants are liable.  The Individual Defendants through their actions, words, and the actions of others were able to accomplish their wicked purpose and further their personal agendas against the Plaintiff, resulting in her being removed from an

Interventionist position within the District and being ostracized and singled out among her colleagues and peers.

53. The Individual Defendants used their respective positions of authority to perpetuate their personal vendettas against the Plaintiff. They were threatened by the Plaintiff's knowledge of improper activities authorized and carried out by the Individual Defendants and others, including Kennedy's numerous deficiencies as a Principal and supervisor.

54. Such a civil conspiracy on the part of the Individual Defendants, acting as set forth herein, caused the Plaintiff injuries that are personal to her, pain and suffering, the loss of her job, and other intangible damages. The Plaintiff is further entitled to an award of punitive damages against these Defendants for their willful, wanton, and grossly negligent conduct.

WHEREFORE, the Plaintiff prays for judgment against the Defendant School District for actual damages and against the Individual Defendants, jointly and severally, for actual and punitive damages to be assessed by a jury for the malicious, wanton and grossly negligent conduct described herein; Plaintiff further prays for the costs of this action.

J. LEWIS CROMER & ASSOCIATES, L.L.C.

By:     s/ Ashley C. Story
      J. Lewis Cromer (#362)
      Ashley Cole Story (#11505)
      1522 Lady Street
      Post Office Box 11675
      Columbia, South Carolina 29211
      Phone  803-799-9530
      Fax     803-799-9533

Attorneys for Plaintiff

July 23, 2013